UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**GRANJAS AQUANOVA S.A. de c.v.,**                                               **PLAINTIFF**
**A Mexican Corporation**

v.                          CASE NO. 3:07-CV-00168 BSM

**HOUSE MANUFACTURING COMPANY, INC.;**
**ECS HOUSE INDUSTRIES, INC.; JOHN DOES**
**1-10; AND ABC ENTITIES 1-10**                                                  **DEFENDANTS**

## AGREED PROTECTIVE ORDER

House Manufacturing Company, Inc. ("House") and ECS House Industries, Inc. ("ECS") believe that some of the documents requested by plaintiff through discovery are confidential or contain confidential information concerning its business or otherwise contain private information concerning its employees, the disclosure of which could be adverse to its competitiveness or to the privacy interests of its employees.  In order to avoid a potential discovery dispute, House, ECS and plaintiff agree to deal with any such documents in accordance with the provisions of this agreed protective order.  Accordingly, counsel for House and ECS, and counsel for plaintiff, hereby stipulate and agree, subject to the court's approval, that:

  1.  House and ECS shall designate any documents containing confidential information related to its business operations, finances, or employees as "confidential records" at the time the records are produced.  Any records so designated are subject to this agreed protective order.  If House and ECS do not designate a document as a confidential record at the time it is produced but subsequently notify plaintiff that the document is a confidential record, the designated documents shall be

subject to the agreed protective order at the time of notification. The parties shall not be required to reverse or retract any use that may have been made of a document prior to its designation as confidential, but they will thereafter cooperate in taking all reasonable steps to limit any further dissemination or disclosure of the document to the greatest extent possible, consistent with the provisions of this order.

2. The "confidential records" are to be considered confidential for purposes of this order.

3. The "confidential records" may be used solely for the purpose of this litigation and for no other purpose.

4. The "confidential records" will be retained in the office of counsel for plaintiff except that counsel for plaintiff may remove the documents from the office for the time necessary for:

   A) Examination by experts or witnesses in this case who will testify about information on the confidential records;

   B) For use at court for trial, hearing, or deposition.

5. Copying of the "confidential records" will be strictly limited to:

   A) Copies used as exhibits attached to depositions, motions, or other court filings;

   B) Necessary copies of the confidential records used as an exhibit at trial.

6. Plaintiff shall not disclose the contents of the "confidential records." Plaintiff shall allow individuals to view the "confidential records" only to the extent necessary to pursue plaintiff's claims in this matter. Such individuals are limited to plaintiff, through its duly authorized representative(s), plaintiff's attorneys, the attorneys staff involved in this litigation, stenographers, reporters, witnesses, and experts involved in this matter. All persons having access to the "confidential records" shall be advised that the "confidential records" are subject to a protective order and shall be bound thereto.

7. Any confidential designation is subject to challenge. The following procedures will apply to any such challenge:

   a. The burden of proving the necessity of a confidential designation remains with the party asserting confidentiality.

   b. A party who contends that documents designated CONFIDENTIAL are not entitled to confidential treatment will give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents will have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an order confirming the confidential designation.

   c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL will continue to be treated as subject to the full protections of this order until one of the following occurs:

      (1) the party who claims that the documents are confidential withdraws such designation in writing;

      (2) the party who claims that the documents are confidential fails to move timely for an order designating the documents as confidential as set forth in paragraph 7.b. above; or

      (3) the court rules that the documents should no longer be designated as confidential information.

   d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

Nothing contained in this order shall prevent the use of the "confidential records" or any part thereof, at trial, subject to the court's approval, or at deposition with the following safeguards:

      a.      If used at deposition, the deponent and the reporter will be informed of the protective order and be advised that pursuant to this protective order, he or she may not divulge any confidential information except as necessary in providing testimony or services in this litigation.

      b.      In the event a party seeks to file any material that is subject to protection under this order with the court, that party will take appropriate action to ensure that the documents receive proper protection from public disclosures by redacting the confidential information from that documents.

At the conclusion of the litigation, plaintiff shall destroy the documents according to its regular destruction procedure.

This order will be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this order. The order will not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification. The parties agree to make good faith efforts to comply with all terms of this order.

Further, this order is entered based on the representative and agreements of the parties and for purpose of facilitating discovery. Nothing herein will be construed or presented as a judicial determination that any specific document or item of information designated as confidential by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling will have been made. This order will take effect when entered and will be binding upon the counsel who signed below and their respective law firms and other respective clients.

WHEREAS, the parties to this agreed protective order have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order, accordingly, it is this 6th day of November, 2009, ORDERED.

_____
UNITED STATES DISTRICT JUDGE

APPROVED AND AGREED:


/s/ James O. Ehinger
James O. Ehinger (AZ Bar # 009448)
Eric D. Gere (AZ Bar # 023226)
Jennings, Strouss & Salmon, P.L.C.
201 East Washington Street, 11th Floor
Phoenix, Arizona 85004-2385

COUNSEL FOR PLAINTIFF


/s/ Michael J. Emerson
Michael J. Emerson (AR Bar # 84043)
Barber, McCaskill Jones & Hale, P.A.
400 W. Capitol Avenue, Suite 2700
Little Rock, Arkansas, 72201

COUNSEL FOR HOUSE MANUFACTURING COMPANY, INC.


/s/ R. Alan Cline
R. Alan Cline (AR Bar # 87035)
Brad J. Beavers (AR Bar # 81012)
Sharpe, Beavers, Cline & Wright
P.O. Box 924

Forrest City, Arkansas 72336

COUNSEL FOR ECS HOUSE INDUSTRIES, INC.