**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**GRANJAS AQUANOVA S.A. de c.v.,**
**A Mexican Corporation**                                                                 **PLAINTIFF**


**v.**                          **CASE NO. 3:07-CV-00168 BSM**

**HOUSE MANUFACTURING COMPANY,**
**INC.; JOHN DOES 1-10; ABC ENTITIES**
**1-10; and ECS HOUSE INDUSTRIES, INC.**                          **DEFENDANTS**

**ORDER**

Plaintiff Granjas Aquanova S.A. de C.V. ("Granjas") requests leave to file an

amended complaint to add an alternative damages theory to its claims. Granjas states that it

is attempting to conform its damages claims to the June 25, 2009, summary judgment order.

Granjas states that it initially framed its damage claims under a reliance theory.  Due to the

partial grant of summary judgment ruling that certain damages are not recoverable, however,

Granjas requests, in the alternative, that the jury award damages for the value of the shrimp

crop lost as a result of defendants' breach.  Granjas states that defendants examined its

witness, Eduardo Avalos, extensively regarding the facts relevant to this theory at his

deposition.

In response, defendant House Manufacturing Company, Inc. ("House") objects stating

that defendants will not have sufficient time to conduct discovery on the new theory before

the discovery cutoff of November 23, 2009.  House state that its damages defense previously

focused upon rebutting Granjas' proffered damages theory, and it has gone to considerable

expense defending the previous damages case.  House states that Granjas should have

requested leave after receiving the summary judgment order, and it will be substantially prejudiced by this untimely and new theory of damages.

"A district court should grant leave to amend freely 'when justice so requires.'" *Marmo v. Tyson Fresh Meats, Inc*., 457 F.3d 748, 755 (8th Cir. 2006) (citing Fed. R. Civ. P. 15(a)). "Denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa,* 269 F.3d 932, 936 (8th Cir. 2001) (internal quotation omitted).

Granjas filed the present motion on October 23, 2009, the deadline for seeking leave to add parties or amend pleadings.  Granjas is permitted to amend its complaint and the discovery deadline is extended to December 11, 2009, and the motions deadline is extended to December 28, 2009.  Pursuant to Federal Rule of Civil Procedure 33(b)(2), Granjas is hereby required to submit its answers and any objections within 20 days after being served with the discovery requests.

Accordingly, plaintiff's motion for leave to file second amended complaint (Doc. No. 64) is granted.  Plaintiff shall file its second amended complaint forthwith.

IT IS SO ORDERED, this 18th day of November, 2009.

_____
UNITED STATES DISTRICT JUDGE